CV05320

CAUSE NO. _____

| | | |
|---|---|---|
| CONNIE M. KEDROWSKI | § | IN THE _____ 6th JUDICIAL |
| PLAINTIFF, | § | |
| vs. | § | DISTRICT COURT OF |
| ASI LLOYDS, | § | |
| DEFENDANT. | § | RED RIVER COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**
**JURY TRIAL DEMANDED**

COMES NOW, CONNIE M. KEDROWSKI (hereinafter, referred to as Plaintiff), and file this, her **Original Petition**, and for causes of action against ASI LLOYDS (hereinafter, referred to as "Defendant" and/or "ASI"), would show unto the Court and the jury the following:

**DISCOVERY CONTROL PLAN**

1. This case is intended to be governed by Discovery Level 2.

**PARTIES AND SERVICE OF PROCESS**

2. Plaintiff owns the property located at 445 S Austin Street, Avery, TX 75554 that is the subject of this lawsuit and is situated in Red River, Texas.

3. Defendant is an insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with personal service by a process server, by serving its CORPORATE CREATIONS NETWORK, INC, 2425 WEST LOOP S STE 200, Houston, Texas 77027-4208.

**STATUTORY AUTHORITY**

4. This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.*, 541.151 *et seq.*, 542.051 *et se.*, and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

True and correct copy of original filed and/or recorded in the office of Red River County District Clerk

KP (INITIALS) District Clerk/ Deputy Clerk

Page 1 of 10

**EXHIBIT A**

## JURISDICTION

5. Plaintiff prefers to have the jury determine the fair amount of compensation for Plaintiff's damages, it is early in the case to be assessing the full nature and scope of Plaintiff's damages, and Plaintiff's place the decision regarding the amount of compensation to be awarded in the jury's hands. Rule 47 of the Texas Rule of Civil Procedure, however, *requires* Plaintiff to provide a statement regarding the amount of monetary relief sought. Accordingly, pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief less than $250,000.00.

6. The Court has jurisdiction over Defendant because Defendant engages in the business of insurance in the State of Texas and the causes of action arise out of Defendant's business activities in the State of Texas.

## VENUE

7. Venue for this suit for breach of a written contract is permissive in Red River County under Texas Civil Practice & Remedies Code section 15.035(a) because this county was identified as the county wherein the insured property is located and the place for an obligation under the contract to be performed pursuant to the first party property insurance contract referenced herein.

## NOTICE AND CONDITIONS PRECEDENT

8. Defendant has provided written notice of the claim made by Plaintiff in this Petition, including a statement of Plaintiff's actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003. Under § 542A.003(d)(1).

9. All conditions precedent necessary to maintain this action and to maintain the claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk

KP / District Clerk/Deputy Clerk
(INITIALS)

Page 2 of 10

## FACTUAL BACKGROUNDS

10. This lawsuit arises out of the following transactions, acts, omissions, and/or events. On or about February 17, 2021, Plaintiff's property sustained a covered loss under the insurance policy Defendant issued.

11. Plaintiff submitted a claim to Defendant, pursuant to the contract of insurance, for damages to the property from the Texas Freeze. Plaintiff asked Defendant to honor its contractual obligations and cover the cost of repairs to the property.

12. Defendant accepted the Plaintiff's claim and assigned a claim number of 865508-21102-094900.

13. Defendant completed a results oriented, unreasonable inspection, chose not to document all the covered damages to the property, ignored facts supporting coverage and improperly denied Plaintiff's damages. Defendant misrepresented the amount of Plaintiff's covered damages, finding instead that the damages were less than Plaintiff's deductible.

14. Plaintiff did not and do not agree with Defendant's assessments of the damages to the property.

15. Defendant chose to rely upon an inaccurate, unreasonable and results oriented reports to undervalue Plaintiff's damages.

16. Defendant chose to withhold its contractual obligation to perform a prompt, full and fair claim investigation.

17. Defendant chose to simply only rely on the portions of its adjuster's reports supporting the results-oriented investigation and coverage decision undervaluing Plaintiff's claim. Defendant chose to ignore information provided by Plaintiff that her damages exceeded the amount determined by ASI's adjusters.

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

District Clerk/ Deputy Clerk
(INITIALS)

Page 3 of 10

## CAUSES OF ACTION AGAINST DEFENDANT
## COUNT I - BREACH OF CONTRACT

18. Each of the foregoing paragraphs is incorporated by reference in the following.

19. Plaintiff and Defendant executed a valid and enforceable written insurance contract providing insurance coverage to the insured location. The policy provides coverage for the loss Plaintiff sustained.

20. All damages and loss to the Plaintiff's property were caused by the direct result of a peril for which Defendant insured the Plaintiff.

21. Defendant sold the subject insurance policy to Plaintiff insuring the subject insured properties in its "as is" condition.

22. Plaintiff suffered a significant property loss and incurred additional expenses as a result of the damage.

23. Plaintiff submitted a claim to Defendant pursuant to the contract of insurance for these covered damages.

24. Plaintiff provided Defendant with proper notice of damage to the exterior and interior of the subject insured property.

25. Defendant ignored the information Plaintiff provided and chose to rely solely on its own adjuster.

26. Defendant by and through its adjusters and representatives chose not to properly evaluate the damages resulting from the covered cause of loss.

27. Defendant by and through its adjusters and representatives chose not to retain the appropriate experts or consultants to evaluate the damage and cause thereof related to the subject property.

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

 District Clerk/ Deputy Clerk
(INITIALS)

Page  4 of 10

28. Defendant by and through its adjusters and representatives have chosen to withhold proper payment for the damages to Plaintiff property.

29. Defendant, acting through its agents, servants, representatives and employees chose not to properly investigate, evaluate and adjust Plaintiff's claim for benefits in good faith and has further chosen not to deal fairly with Plaintiff.

30. Defendant chose to ignore and refused to properly investigate the information and surrounding facts regarding Plaintiff's covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

31. Defendant continues to be in breach of the contract.

32. Defendant ignored the actual cause and extent of Plaintiff's damages during the handling of the claim and did not make proper payment to indemnify Plaintiff for the full amount of the covered damages.

33. The mishandling of Plaintiff's claim caused a delay in Plaintiff's ability to fully repair the Property, resulting in additional damages.

### COUNT II - VIOLATIONS OF THE TEXAS UNFAIR METHODS OF COMPETITION AND UNFAIR OR DECEPTIVE ACTS OR PRACTICES ACT

34. Defendant is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the *Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act*. Tex. Ins. Code. Sec. 541.060 et seq:

1. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim;

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

District Clerk/ Deputy Clerk
(INITIALS)

Page 5 of 10

    a. Defendant through its agents, employees, or consultants chose not to request its employees, agents, or consultants to perform proper testing of the building components at the subject insured property in order to properly evaluate the extent and value of damages.

    b. Defendant through its agents, employees, or consultants chose not to request its employees, agents, or consultants to obtain a second opinion to confirm the extent and value of damages to the subject property.

35. Defendant misrepresented the insurance policy to the Plaintiff and is in violation of Tex. Ins. Code Sec. 541.061 et seq:

(1) making an untrue statement of material fact; Defendant through its agents, employees, or consultants prepared a damage estimate or proof of loss that was misleading as to the value of damages to the subject property.

(2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made; Defendant through its agents, employees, or consultants chose not to advise Plaintiff that it chose not to perform proper testing in order to more accurately investigate and evaluate the damages.

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact; Defendant through its agents, employees, or consultants advised Plaintiff that it had fully investigated and evaluated the damages to the subject property, misleading the Plaintiff that a proper and complete investigation had been performed.

(4) Defendant's unfair settlement practice in choosing not to conduct a proper and thorough evaluation, choosing not to perform adequate testing of building components to more accurate investigate and evaluate the damages, choosing not to advise Plaintiff that it had not performed proper testing of the building components and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate or proof of loss resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, constitutes an unfair method of competition

CV05320

True and correct copy of original filed in the office of Red River County District Clerk.

KP (INITIALS) District Clerk/ Deputy Clerk

Page 6 of 10

and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

### COUNT III - NON-COMPLIANCE WITH TEXAS INSURANCE CODE CHAPTER 542: "THE PROMPT PAYMENT OF CLAIMS ACT"

36. Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act. Tex. Ins. Code Chapter 542. All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

37. Specifically, Defendant chose not to timely conduct a proper investigation of the damages to the subject property, resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

38. Defendant's failure to give adequate consideration to the Plaintiff's damages and failure to re-inspect the subject property to re-evaluate its initial findings regarding its investigation and evaluation of damages to the subject property resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

39. Defendant chose not to properly investigate Plaintiff's claim. Defendant had proper access to the information needed to make proper and timely payment but chose to ignore the information. To date, Defendant chooses to ignore available information and thereby chooses not to make proper and timely payment on Plaintiff's insurance claim.

### COUNT IV - BREACH OF COMMON LAW DUTY OF GOOD FAITH AND FAIR DEALING

40. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

KP (INITIALS) District Clerk/Deputy Clerk

Page 7 of 10

41. Defendant chose not to conduct a proper and thorough evaluation, choosing not to perform adequate testing to more accurately investigate and evaluate the damages, choosing not to advise Plaintiff that it had not performed proper testing and had not properly investigated and evaluated the damages, and preparing a misleading and inaccurate proof of loss or damage estimate.

42. Defendant's choices, as described above, not to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

43. At all material times herein, Plaintiff was a "consumer" who purchased insurance products and services from Defendant and the products and services form the basis of this action.

44. Defendant's conduct constitutes multiple violations of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"). Tex. Bus. & Com. Code Section 17. All violations made under this article are made actionable by Tex. Bus. & Com. Code Section 17.50.

   a. By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.46 (b) in that Defendant took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

KP District Clerk/ Deputy Clerk
(INITIALS)

Page 8 of 10

b.  Generally engaging in unconscionable courses of action while handling the claim; and/or

c.  Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

45.  Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiff's damages described herein.

## DAMAGES AND PRAYER

46.  **WHEREFORE, PREMISES CONSIDERED,** Plaintiff herein, complains of Defendant's acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiff recover from Defendant the following:

47.  Plaintiff would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiff.

48.  For breach of contract by Defendant Plaintiff is entitled to regain the benefit of her bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq*.

49.  For violations of Texas Unfair Methods of Competition and Unfair or Deceptive Acts or Practices Act and common law Duty of Good Faith and Fair Dealing, Plaintiff is entitled to additional damages calculated as a multiple of Plaintiff actual damages.

50.  For violations of the Texas Prompt Payment of Claims Act, Plaintiff is entitled to attorney fees and interest on her damages at the maximum amount allowed by law.

51.  For violations of the common law Duty of Good Faith and Fair Dealing, Plaintiff is entitled to additional damages calculated as a multiple of Plaintiff actual damages.

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

KP
(INITIALS)
District Clerk/ Deputy Clerk

Page 9 of 10

52. For noncompliance with the DTPA by Defendant, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for **three (3) times** her damages, pursuant to the DTPA Section 17.50 (b) and Tex. Ins. Code Ann. Section 541.152 *et seq.*

53. Plaintiff seeks additional damages to which they may show justly entitled, at law or in equity.

## JURY DEMAND

54. Plaintiff respectfully demands a **trial by jury**.

MORGAN & MORGAN, PA

*/s/ Carla R. Delpit*
Phillip Sanov
Texas Bar No. 17635950
Carla R. Delpit
Texas Bar No. 24081283
16225 Park Ten Place, Suite 500
Houston, TX 77084
Phone: (832) 739-6237
Fax: (832) 739-6262
Email: cdelpit@forthepeople.com
Email: psanov@forthepeople.com
Attorneys for Plaintiffs

State of Texas, County of Red River: I, Brenna Williams, District Clerk of Red River County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date. Witness my official hand and seal of office this 8 day of August, 2022.
BRENNA WILLIAMS, DISTRICT CLERK, RED RIVER COUNTY, TEXAS
DISTRICT CLERK/DEPUTY CLERK
Pages 1 to 10

CV05320

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.
KP District Clerk/Deputy Clerk
(INITIALS)
Page 10 of 10

CV05320

THE STATE OF TEXAS  6TH JUDICIAL DIST. COURT
COUNTY OF RED RIVER

# CITATION FOR PERSONAL SERVICE

To: LLOYDS, ASI
Corporate Creations Network INC
2425 West Loop S Ste 200
Houston, Texas 77027-4208

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

KP District Clerk/Deputy Clerk
(INITIALS)

Page 1 of 1

**NOTICE TO DEFENDANT:**
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

Said petition was filed in said Court on the 18th day of July, 2022, in this cause, numbered CV05320 on the docket of said Court and styled:

CONNIE M. KEDROWSKI    VS    ASI LLOYDS

ATTORNEY FOR PLAINTIFF:  CARLA DELPIT
16225 PARK TEN PLACE
HOUSTON, TX 77084

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Clarksville, Red River County, Texas, this the 19th day of July, 2022.



BRENNA WILLIAMS - DIST CLERK
400 N. Walnut
Clarksville, Texas

by: _____ Deputy

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the ____ day of _____, ____ at ____ o'clock ___M., and executed at _____ within the County of _____ on the ____ day of _____, ____, at ____ o'clock ___M., by delivering to the within named _____, each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

____ day of _____

By: _____

Printed Name of Server

_____ County, Texas

Notary Public, THE STATE OF TEXAS

State of Texas, County of Red River: I, Brenna Williams, District Clerk of Red River County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date. Witness my official hand and seal of office this 8 day of August, 2022.

BRENNA WILLIAMS, DISTRICT CLERK, RED RIVER COUNTY, TEXAS

DISTRICT CLERK/DEPUTY CLERK

Pages 1 to 1

CV05320

Filed 7/29/2022 8:43 AM
Brenna Williams
District Clerk
Red River County, Texas
Reviewed By: Linda Gibbs

THE STATE OF TEXAS

6TH JUDICIAL DIST. COURT

COUNTY OF RED RIVER

## CITATION FOR PERSONAL SERVICE

True and correct copy of original filed and or recorded in the office of Red River County District Clerk.

KP District Clerk/ Deputy Clerk
(INITIALS)

Page 1 of 2

To: LLOYDS, ASI
Corporate Creations Network INC
2425 West Loop S Ste 200
Houston, Texas 77027-4208

**NOTICE TO DEFENDANT:**
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

Said petition was filed in said Court on the 18th day of July, 2022, in this cause, numbered CV05320 on the docket of said Court and styled:

CONNIE M. KEDROWSKI           VS           ASI LLOYDS

ATTORNEY FOR PLAINTIFF:   CARLA DELPIT
                          16225 PARK TEN PLACE
                          HOUSTON, TX 77084

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof. The Officer executing this citation shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Clarksville, Red River County, Texas, this the 19th day of July, 2022.

BRENNA WILLIAMS-DIST CLERK
400 N. Walnut
Clarksville, Texas

by: _____ Deputy

## OFFICER'S OR AUTHORIZED PERSON'S RETURN

Came to hand on the 19th day of July, 2022 at 3:29 o'clock P.M., and executed at 5444 Westheimer #1000, Houston, TX 77056 within the County of Harris on the 20th day of July, 2022, at 3:20 o'clock P.M., by delivering to the within named ASI Lloyds, Reg. Agent Corp. Creations Network through Maria Newman who is authorized, each in person, a true copy of this citation together with the accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ N/A

Sworn to and subscribed before me this the 28th day of July, 22.



Notary Public, THE STATE OF TEXAS

Christopher M. Calix
My Commission Expires
02/01/2024
ID No. 130519303

DAVID A. GARZA
Authorized Private Process Server
TEXAS SERVER LIC# PSC-502
EXPIRES: 7-31-2022

Sheriff / Constable / Authorized Person

By: _____
David A. Garza
Printed Name of Server (PSC502)

Harris County, Texas

# CORPORATE CREATIONS®
Part of the Computershare Group

## Authorization of Authority

I, Trent Bavaro, Chief Operating Officer of Corporate Creations Network Inc. and United Agent Group Inc., do hereby authorize Regus, and all of its staff, including but not limited to Maria Newman and Harold Schultz, to accept and forward all documents, including any and all court documents served or delivered by the court, private server, sheriff, courier, or otherwise on behalf of each business and each business entity represented by Corporate Creations Network Inc. and United Agent Group Inc.

This authorization includes signing on behalf of Corporate Creations Network Inc. or United Agent Group Inc. to accept all mail and documents, including court documents served or delivered by the court, private server, sheriff, courier, or otherwise to 5444 Westheimer #1000, Houston, TX 77056.

This affidavit is valid until the next issued affidavit or until December 31, 2022, whichever comes sooner.

Dated: September 2, 2021

HEREBY SEEN AND AGREED:

*[signature]*

Trent Bavaro
Chief Operating Officer
Corporate Creations Network Inc.
United Agent Group Inc.

STATE OF FLORIDA
COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me this 2nd day of September, 2021 by the above named signatory, who is personally known to me or who produced a drivers license or passport as identification and who did take an oath.

*[signature]*

Signature of Notary Public

JON-MICHAEL SANCHEZ
Commission # GG 175368
Expires January 15, 2022
Bonded Thru Troy Fain Insurance 800-385-7019

Stamp of Notary Public

State of Texas: County of Red River: I, Brenna Williams, District Clerk of Red River County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date. Witness my official hand and seal of office this 8 day of AUGUST, 2022.

BRENNA WILLIAMS, DISTRICT CLERK, RED RIVER COUNTY, TEXAS

*[signature]*
DISTRICT CLERK/DEPUTY CLERK
Pages 1 to 2

true and correct copy of original filed and or recorded in the office of Red River County District Clerk.

KP District Clerk/Deputy Clerk
(INITIALS)

Page 2 of 2